Cooper, J.,
delivered, the opinion of the court:
The application is, under the Code, sec. 3933 [Shannon’s Code, sec. 5737], to supersede an order made by a circuit j udge at chambers, appointing a receiver in a chancery suit. The bill is filed by the trustees and beneficiaries in two trust assignments for the benefit of creditors made by the defendants, James A. Wynne and JohnK. Wynne, respectively, and seeks to impound the property because James A. Wynne had absconded and left the state, because both defendants were insolvent, the property inadequate to> secure the debts, taxes unpaid and accumulating, and because it was hazardous, on account of his pecuniary condition, to leave the personal chattels in the possession of John K. Wynne. The absconding defendant is no party to' the application.
It may be considered as settled that the section of the Code in question does not apply to the fiats or orders of the inferior courts or judges touching the extraordinary process which they are authorized to issue for the impounding or preservation of property pending litigation. Redmond v. Redmond, 1 Leg. Rep., 359 [S. C. 9 Bax., 561]. The appointment of a receiver, we have recently held, is, ordinarily, in the nature of extraordinary process, for it neither settles nor prejudices rights, and is only resorted to. for the purpose of preserving the property in controversy pending the litigation for the benefit of the successful party. Such an appointment, in a case clearly within the competency of the court, can no more be superseded than the fiat or order of the court directing the issuance of extraordinary process. Baird v. Cumberland and Stone’s River Turnpike Company, 1 Lea, 394. And a supersedeas has recently been refused in a case precisely like the present, where a receiver was appointed of lands conveyed in trust for creditors, upon a bill filed, in advance of the maturity *35 of the assignment, to prevent waste, and eventually to execute the trust. Bramley v. Tyree, 1 Lea, 531. It is true, the’application in tbis last case for a supersedeas was not by the grantor in the trust assignment, but by bis wife, upon an independent title. But the fact that the appointment of a receiver in sucb case was witbin the competency of the court, was distinctly recognized. There is nothing in this case to take it out of the rule. Bor^ although the bill is filed in advance of the period witbin which the deed may be extinguished by the payment of the debts, the legal title is in the trustee, -and sufficient cause may be shown for impounding the property pending the litigation. And, although the trust deed is sought to be impeached, by the answer and cross bill, on the ground of the weakness'of mind of John Iv. Wynne, yet the execution of the deed is admitted, and the fact that the grantor is not an idiot or a lunatic is conceded. Nor can the grantor’s capacity to contract be determined on a motion to appoint a receiver. the case made by the pleadings being witbin the competency of the court below, tbis court has no jurisdiction to supervise its action in tbis mode.
Tbe application must be refused.